**POSTED ON WEB SITE**

FILED

JUN 2 9 2006

KT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                                    Case No. 05-15751-A-7

HEATHER SHARP,

             Debtor.
_____/

VALERIE DeVALERIA,                          Adv. No. 05-1367-A
                                                              DC No. JPE-1
        Plaintiff,

    vs.                                                 FINDINGS OF FACT AN D
                                                              CONCLUSIONS OF LAW
HEATHER SHARP,                              REGARDING PLAINTIFF'S MOTION
                                                              FOR SUMMARY JUDGMENT
        Defendant.
_____/

      A hearing was held April 12, 2006, on the motion for summary judgment of Valerie
DeValeria, plaintiff in this adversary proceeding.  The court requested post-trial briefing, and the
matter was deemed submitted as of May 8, 2006.  This memorandum contains findings of fact
and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule
of Civil Procedure 52.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(K) and (O).

      At the hearing, counsel for both the plaintiff and the defendant stated that the facts are
undisputed.   Valerie DeValeria, an attorney, represented Heather Sharp through a trial in
California Superior Court.  In September 2002, Ms. DeValeria and Ms. Sharp entered into a
written Attorney-Client Fee Contract (the "Fee Agreement").  Pursuant to ¶ 8 of the Fee
Agreement, Sharp granted DeValeria a lien on the claims and causes of action that were the
subject of the representation .  DeValeria provided legal services to Sharp pursuant to the
contract up to and through trial.  The trial court ruled against Sharp.  In August 2004, the Tulare

56

County Superior Court issued its Statement of Decision. On October 18, 2004, DeValeria filed with the Superior Court a Notice of Withdrawal of Attorney of Record. On January 6, 2005, Sharp retained another attorney. Her new attorney filed a motion for a new trial based on the issues that Ms. DeValeria had preserved during the trial. An appeal was also filed. In July 2005, Sharp obtained $10,000 in settlement of her claims.

DeValeria's withdrawal was accomplished by filing a Notice of Withdrawal of Attorney of Record on a California Judicial Council form with the Tulare County Superior Court. That notice states that the withdrawal is in accordance with California Code of Civil Procedure 285.1 and that the Statement of Decision had been filed August 24, 2004. Although the Notice of Withdrawal was filed on October 18, 2004, it is dated September 30, 2004.

At her Rule 2004 examination, Ms. Sharp agreed that she owed DeValeria approximately $19,000.

DeValeria asserts that the attorney's lien provided for in the Fee Agreement gives her a lien on the settlement funds. Sharp asserts that DeValeria's withdrawal from representing her was improper and not according to California law and that therefore, the lien is not valid and does not attach to the $10,000 in proceeds.

Sharp filed her bankruptcy case as a chapter 7 on July 21, 2005. She did not initially list the right to recovery of proceeds from this litigation on her schedules of assets of liabilities or on her statement of affairs. On January 10, 2006, she filed an amendment to her schedules, amending Schedule B to list the $10,000 in proceeds as an asset and amending Schedule C to claim it all as exempt. She gave notice of the amendment to the trustee. No objections to this claim of exemption have been filed. On August 26, 2005, the trustee filed a report of no distribution, and the debtor received her discharge on November 23, 2005.

DeValeria filed this adversary proceeding to determine right, title, and interest in the $10,000 of settlement proceeds and for injunctive relief. When Sharp received the settlement proceeds, she deposited them in her savings account. DeValeria asserts that she has a valid, perfected and enforceable lien on the funds to the extent of $10,000, which assertion, Sharp disputes.

1    Neither the validity of the Fee Agreement nor the amount of the attorney's fees has been
2    raised as an issue by either party.

3    Standards for Summary Judgment

4    Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56
5    applicable in adversary proceedings. Rule 56(c) states that summary judgment "shall be rendered
6    forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,
7    together with the affidavits, if any, show that there is no genuine issue as to any material fact and
8    that the moving party is entitled to judgment as a matter of law." The moving party bears the
9    initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v.
10   Catrett, 477 U.S. 317, 322-23 (1986). After a moving party makes a properly supported
11   summary judgment motion, the opponent has the burden of setting forth specific facts showing
12   the existence of a genuine issue of fact for trial. The opponent may not rely on the allegations or
13   denials in its pleadings to establish a genuine issue of fact, but must come forward with an
14   affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

15   The parties have agreed that there is no genuine issue of material fact.

16   Legal Analysis.

17   Neither party has raised the question of whether the court has jurisdiction to determine
18   this motion and this adversary proceeding. However, it is an important question. The property
19   that is the subject of the dispute about the attorney's lien is exempt. It is not property of the
20   bankruptcy estate. The debtor has received her discharge, and the trustee has filed a report of no
21   assets. Absent the bankruptcy case, this matter would belong in state court. Under these
22   circumstances, does the court have jurisdiction to go forward? Several courts have addressed
23   similar if not identical issues. In In re Jackson, a Texas bankruptcy court considered the question
24   of bankruptcy court jurisdiction in determining the extent and validity of prepetition liens on
25   homestead property when the property is no longer property of the estate. 102 B.R. 82 (Bankr.
26   N.D. Tex. 1988). In that case, the court decided that the proceeding in question was core because
27   whether the lien was valid (the debtor argued that it had not been obtained in the manner
28   permitted by Texas homestead law) would effect the debtor creditor relationship and the fresh

3

start of the debtor. Id. at 83-84. In the context of a bankruptcy court's jurisdiction to determine liens on property that had been property of the bankruptcy estate but was then sold, courts have generally decided that the bankruptcy court lacks jurisdiction. See, In re Edwards, 962 F.2d 641 (7th Cir. 1992). Where the debtor files complaints to avoid liens, the court is more likely to find there is jurisdiction. See, In re Eakin, 156 B.R. 59 (Bankr. D. Idaho 1993).

One case that stands for the proposition that property that is no longer property of the bankruptcy estate cannot be the subject of an action in bankruptcy court is Israel v. Department of the Treasury, 112 B.R. 481 (Bankr. D. Conn. 1990). In that case, the IRS had filed a tax lien on the debtor's residence. The trustee filed a no asset report, and after that, the debtor filed an adversary proceeding seeking to avoid the lien of the IRS. The bankruptcy court held that the proceeding was not core because 28 U.S.C. § 157(b) (2)(K) only applied to liens encumbering property that is property of the bankruptcy estate. In this case, because the trustee had abandoned the debtor's residence, the proceeding could not conceivably have any effect on the administration of the bankruptcy estate. Therefore, the proceeding was not a related proceeding under 28 U.S.C. § 1334(b). Id. at 483.

The provisions of Title 28 are important. 28 U.S.C. § 1334(b) gives district courts original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. This adversary proceeding does not arise under Title 11 or within Title 11 within the meaning of that statute. A proceeding arises under a Title 11 case when it is created by the Bankruptcy Code. "Arising in" proceedings are not based on any right expressly created by Title 11 but have no existence outside of the Title 11 case. In re Menk, 241 B.R. 896 (BAP 9th Cir. 1999).

However, this proceeding might be a proceeding related to a case under Title 11. The Ninth Circuit test for determining when a proceeding is related to a case under Title 11 is found in In re Fietz, 852 F.2d 455 (9th Cir. 1988). In Fietz, the Ninth Circuit adopted the Pacor test of the Third Circuit.

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy* [citations omitted]. Thus, the proceeding

4

need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

Id. at 457, quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)(emphasis in original).

Therefore, in the Ninth Circuit a proceeding is related to if two prongs of the test are met. First, the outcome has to conceivably have some effect on the estate being administered, and second, the outcome must be one that could alter the debtor's rights, liabilities, options, or freedom of action. Here, neither prong is met. The action has to do with property that is the debtor's, but not properties of the estate. It does not have to do with the debtor's liabilities, as, for instance, an action under 11 U.S.C. § 523 would.  However, for there to be subject matter jurisdiction, both prongs have to be met.

The court next has to ask at what time subject matter jurisdiction is determined. According to the Ninth Circuit, subject matter jurisdiction should be determined as of the date that the complaint was filed. In re Fietz, supra, at 457 fn. 2; Nuclear Eng. & Co. v. Scott, 660 F.2d 241, 248 (7th Cir. 1981), cert. denied 455 U. S. 993 (1982).

That inquiry in this case leads the court to conclude that the matter is a little murkier. At the time the complaint was filed, the debtor had not yet amended her exemptions to exempt the $10,000 nor had she amended her schedules to add the $10,000 as an asset.

The question then arises whether, for the purposes of determining whether this court has "related to" jurisdiction over this matter, the amendments relate back to the date that the bankruptcy petition was filed. The court will now address this question.

Federal Rule of Bankruptcy Procedure 1009(a) states that the debtor has the absolute right to amend the schedules at any time prior to closure of the case. The right to amend includes the right to amend the debtor's list of property claimed exempt. In re Goswami, 304 B.R. 386, 392-3 (9th Cir. BAP 2003). Further, the Ninth Circuit has a policy of liberally allowing debtors to amend their exemption schedules so as to enhance their fresh start. Id. at 394. It is well established that the date for determining exemption rights of a debtor in a bankruptcy case is the date on which the bankruptcy petition was filed. Id. at 391-92.

5

1    Taken together, these concepts argue in favor of a rule that absent bad faith, an

2  amendment to a schedule should relate back to the filing of the petition. Here, there has been no

3  objection to the claim of exemption of the $10,000, and the trustee has filed a report of no assets.

4  The debtor's right to exempt the $10,000 existed on the date the petition was filed.

5    A debtor may remove property from the bankruptcy estate by claiming exemptions. In re

6  Rolland, 317 B.R. 402, 412 (Bankr. C.D. Cal. 2004).] Bankruptcy courts have no discretion to

7  deny an amendment of exemptions unless the amendment is proposed in bad faith or would

8  prejudice creditors. In re Rolland at 414.

9    In In re Ball, an Illinois bankruptcy court stated that an amended schedule related back to

10  the date of filing the petition. In re Ball, 201 B.R. 204, 207 (Bankr. N.D. Ill. 1996); see also, In

11  re Ace Finance Co., 64 B.R. 688 (E.D. Ohio 1986).

12    The court therefore concludes that in this case the amendment to the exemptions to claim

13  the $10,000 exempt did relate back to the date of the filing of the petition. Therefore, the court

14  concludes that despite the fact that the complaint was filed thereafter, it is important to determine

15  whether the court has "related to" jurisdiction in the context of the claim of exemption of the

16  $10,000. This dispute does not concern property of the bankruptcy estate, nor does it concern the

17  liability of the debtor; it only has to do with whether there is a lien on property that is not

18  property of the estate.. Therefore, it does not meet the test articulated by the Ninth Circuit Court

19  of Appeals in In re Fietz for "related to" jurisdiction.

20    For the above reasons, the motion for summary judgment will be denied. As the court

21  has concluded it lacks jurisdiction, the complaint is dismissed.  A separate order shall issue.

22

23  DATED:  June 29, 2006

24

25  WHITNEY RIMEL, Judge
    United States Bankruptcy Court

26

27

28

6

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721.  On June 29, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

John P. Eleazarian, Esq.
8939 N. Chestnut Ave., #326
Fresno, CA 93720

Richard A. Lima, Esq.
200 E. Yosemite Ave.
Madera, CA 93638

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on June 29, 2006, at Fresno, California.

*Kathy Torres*

Kathy Torres, PLS

7